UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RADIM JUSTIK,

    Petitioner,

v.                                 CASE NO. 8:05-cv-02258-T-17-EAJ

ALBERTO GONZALEZ, ATTORNEY GENERAL,
UNITED STATES OF AMERICA: CONDOLEEZA RICE,
SECRETARY OF STATE, UNITED STATES OF AMERICA,

    Respondents.

_____/

## ORDER

Before the Court is Petitioner Radim Justik ("Justik")'s application for writ of habeas corpus, pursuant to 28 U.S.C. § 2241 (Dkt. 1), the Government's response (Dkt. 6), and Petitioner's reply thereto (Dkt. 11). Justik contends that his custody violates the Extradition Treaty between the United States and the Czech Republic, signed on July 2, 1925; the Supplementary Treaty, enacted on August 28, 1935 (collectively "Treaty"); and the United States Constitution. For the reasons below, this Court denies the petition.

## BACKGROUND

Justik is a Czech citizen. In September 1995, he and several accomplices founded the One Pro Company ("One Pro") to lease property to individuals and companies via leasing contracts in the Czech Republic. They allegedly knew that One Pro lacked the funds to support the company's obligations, but they accepted and used the lease payments anyway.

In October 1995, Justik left the Czech Republic. Charges are currently pending against him for embezzlement and fraud occurring within the Czech Republic, pursuant to § 248 and § 250 of the Czech Criminal Code, respectively. More specifically, he is accused of attempting to defraud individuals and companies through fraudulent leasing contracts, placing advertisements in newspapers and magazines without paying for them, and failing to make payments on and failing to return leased cellular phones, computer equipment and office furniture. Allegedly,

1

Justik's actions caused over $1 million (USD) in monetary damages.

On July 31, 1996, the Czech Republic issued a warrant for Justik's arrest, and on October 16, 1997, Justik was indicted. Pursuant to the Treaty, the Czech Republic requested extradition. On September 12, 2005, the United States filed a Complaint for Extradition pursuant to 18 U.S.C. § 3184 and the Treaty, and Justik was arraigned and detained on the same day. On October 5, 2005, a United States Magistrate Judge ("Magistrate Judge") conducted a final extradition hearing. On November 29, 2005, the Magistrate Judge found Justik extraditable and issued a Certificate of Extraditability and Order of Commitment ("Certificate"). United States v. Justik, No. 8:05-mj-319-T-EAJ (2005 WL 3185996). The evidence supported extradition because (1) the Treaty was in full force; (2) charges were pending against Justik in the Czech Republic; (3) those charges were extraditable under the Treaty; (4) probable cause supported the extradition request; and (5) the dual criminality requirement[1] was met. Id.

Justik filed this Petition for Writ of Habeas Corpus, challenging the Certificate (Dkt. 1). He disputes the Magistrate Judge's findings that the submitted documentary evidence was properly authenticated, that the charges against him were extraditable under the Treaty, and that probable cause supported his extradition. The Magistrate Judge has stayed the Certificate, pending the resolution of this petition.

## STANDARD OF REVIEW

Habeas corpus review of a magistrate judge's extradition order is limited to determining "'whether the magistrate had jurisdiction, whether the offense charged is within the treaty and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty.'" Martin v. Warden, Atlanta Pen, 993 F.2d 824, 828 (11th Cir. 1993) (quoting Fernandez v. Phillips, 268 U.S. 311, 312 (1925)). The magistrate judge's fact findings are subject to the clearly erroneous standard of review. Noel v. United States, 12 F. Supp. 2d 1300, 1302 (M.D. Fla. 1998) (citation omitted). The magistrate judge has the sole discretion to evaluate the credibility of the available evidence. Id. at 1303 (citing United States. v. Wiebe, 733 F.2d 549, 553 (8th Cir. 1984); Garcia-Guillern v. United States, 450 F.2d 1189, 1192 (5th Cir. 1971).

---

[1] "To meet the dual criminality requirement, the charged offenses must be illegal in both the Czech Republic and the United States." Justik, No. 8:05-mj-00319-T-EAJ, 2005 WL 3185966, at *10.

2

## DISCUSSION

Justik concedes that the Magistrate Judge had jurisdiction, but disputes that the submitted documentary evidence was properly authenticated, that the charges against him are extraditable under the Treaty, and that probable cause supports his extradition.

*Whether the Documentary Evidence Was Properly Authenticated*

The Government relies on United States Department of State Attorney Adviser Kenneth R. Propp's Second Declaration ("Declaration"), executed on October 25, 2004, and a July 22, 2003 Summary Report ("Summary Report"), signed by Ostrava Regional Court Judge Milan Ihnát ("Judge Ihnát") and certified by Consul General Richard H. Appleton ("General Appleton"), to support Justik's extradition.

## DECLARATION

Unsworn declarations made under penalty of perjury have the same effect as affidavits or sworn statements. 18 U.S.C. § 1746.[2] Although recognizing that courts generally defer to legal advisers' statements, Justik claims that the Declaration may still be found insufficiently authenticated because it is unsworn.

The Declaration indicates that the charges against Justik are extraditable under Article II, Items 15 (embezzlement) and 20 (fraud) of the Treaty. But, it does not indicate whether Justik can be extradited under Item 17 (larceny) or Item 18 (obtaining money by false pretenses). Propp asserted, under penalty of perjury, that the Declaration was true and correct to the best of his knowledge. The Declaration, then, is properly certified and has the same legal effect as an affidavit or sworn statement. 18 U.S.C. § 1746. Accordingly, this Court finds no procedural defect in the Government's reliance on the Declaration.

## SUMMARY REPORT

18 U.S.C. § 3190 governs the admission of documentary evidence at extradition hearings and reads as follows:

> Depositions, warrants, or other papers or copies thereof offered in evidence upon the hearing of any extradition case shall be received and admitted as evidence on such hearing for all the purposes of such

---

[2] Case law interpreting § 1746 declarations is rather limited and generally concerns whether unsworn declarations can be submitted in particular proceedings. These declarations are subject to perjury laws, even though the law did not require the original declaration under penalty of perjury to be sworn. *See* United States v. Gomez-Vigil, 929 F.2d 254, 257 (6th Cir. 1991).

> hearing if they shall be properly and legally authenticated so as to entitle them to be received for similar purposes by the tribunals of the foreign country from which the accused party shall have escaped. and the certificate of the principal diplomatic or consular officer of the United States resident in such foreign country shall be proof that the same, so offered, are authenticated in the manner required.

Justik's assertion that the Summary Report insufficiently supports extradition misinterprets Article XI of the Treaty. Under Article XI, when a fugitive is charged with a crime, a duly authenticated copy of the arrest warrant from the country where the alleged crime occurred and depositions on which the warrant *may* have been issued are to be produced with other evidence considered competent in the case. Contrary to Justik's claim, Article XI does not require all statements supporting the arrest warrant to be sworn. Rather, to the extent an arrest warrant is issued based on depositions, such depositions may be produced.

Here, Judge Ihnát signed the Summary Report, and General Appleton certified that

> the annexed papers, being the summary report proposed to be used upon an application for the extradition from the United States of Radim Justik, charged with the crimes of fraud to have been committed in the Czech Republic, are properly and legally authenticated so as to entitle them to be received in evidence for similar purposes by the tribunals of the Czech Republic, as required by the Act of Congress of August 3, 1882.

Justik, No. 8:05-mj-00319-T-EAJ, 2005 WL 3185966, at *3 (citation omitted). *Cf.* Afansjev, 418 F.3d at 1165 (an appropriate United States diplomatic officer's certification constitutes proper authentication). Appleton's certification of the Summary Report satisfies § 3190's requirements. Thus, this Court does not find procedural error in the Government's reliance on the Summary Report to support extradition.

*Whether the Charges Against Justik Are Extraditable Under the Treaty*

A treaty should be interpreted broadly to promote its purpose and the parties' intentions. In re Commissioner's Subpoenas, 325 F.3d 1287, 1294-97 (11th Cir. 2003). Where ambiguities exist, and the treaty is read in context and in light of its purpose, the court may consult external sources to ascertain the parties' intent. Id. at 1294. Following this principle, a United States State Department legal adviser's affidavit may be relied on to support extradition. Sayne v.

4

Shipley, 418 F.2d 679, 684 (5th Cir. 1969).[3] Such an affidavit, though inconclusive, is entitled to great weight. Id.

Here, the Declaration identifies Article II, Items 15 and 20 as extraditable offenses, but not Items 17 and 18. Justik argues that the Magistrate Judge improperly allowed extradition under Article II, Items 17 and 18 because those items are not explicitly included. Justik's reading of § 3190 is strained. The Government is not limited to the specific treaty provisions identified in the Declaration to support extradition. Rather, "th[o]se provisions may be interpreted broadly enough to cover all the charges alleged in the [w]arrant." In re Extradition of Platko, 213 F. Supp. 2d 1229, 1236 (S.D. Cal. 2002).

Article II, Item 17 describes larceny. Larceny is defined as the theft of personal property or money where the value is greater than or equal to the Czech equivalent of $25.00 (USD). Article II, Item 18 provides a basis for extradition on obtaining money or valuable property by false pretenses or receiving money or valuable property unlawfully where the amount or value exceeds the Czech equivalent of $100.00 (USD).

Justik is charged with violating § 248 (embezzlement) and § 250 (fraud) of the Czech Criminal Code. The Czech Criminal Code defines embezzlement as follows:

> Whoever appropriates a thing of another that was entrusted to him, thus causing damage not insignificant to the property of another, shall be sentenced to a term of imprisonment of up to 2 years or be prohibited from undertaking further activities or be fined or be subject to criminal forfeiture.

Justik, No. 8:05-mj-00319-T-EAJ, 2005 WL 3185966, at *8. Fraud is defined as follows:

> Whoever enriches oneself or somebody else to the detriment of another by misleading somebody, abusing somebody's mistake or by obscuring substantial facts, thus causing damages not insignificant to the property of another, will be sentenced to a term of imprisonment of up to 2 year[s] or be prohibited from undertaking business activities or be fined or be subject to criminal forfeiture.

Id.

Justik is accused of using leasing contracts to defraud several individuals and companies.

---

[3] The Eleventh Circuit accepts as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

The Summary Report contains statements alleging that Justik accepted payments for personal use knowing that he was unable to repay those funds. Although Justik promised to repay his creditors with interest, he allegedly failed to do so and caused loses exceeding $1 million (USD). Under these circumstances, the Magistrate Judge properly concluded that the embezzlement and fraud charges against Justik are extraditable under Article II, Items 17 and 18.

*Whether Probable Cause Supported Justik's Extradition*

The evidence required to extradite differs from that required to convict. While conviction requires proof of actual guilt beyond a reasonable doubt, the standard of proof for extradition is probable cause. Yapp v. Reno. 26 F.3d 1562, 1564 (11th Cir. 1994). Under the probable cause standard, the Federal Rules of Evidence and the Federal Rules of Criminal Procedure do not apply. Afansjev v. Hurlbert, 418 F.3d 1159, 1165 (11th Cir. 2005) (citing Fed. R. Evid. 1101(d)(3); Fed. R. Crim. P. (1)(a)(5)(A)). During extradition hearings, the court may consider hearsay and absent witnesses' unsworn statements to determine whether probable cause exists. Id. (citing Collins v. Loisel, 259 U.S. 309, 317 (1922)).

Justik argues that, because the statements in the Summary Report are unsworn, they fail to establish that he made, at the relevant times, specific false representations about his business. However, the available evidence, taken as a whole, reveals probable cause to support extradition.

As stated above, the Summary Report contains evidence that Justik participated in a sophisticated embezzlement and fraud scheme. It identifies precise dates, witnesses, victims, and transaction details and suggests that Justik acted with the requisite criminal intent. Documented witness statements support the Government's claim that Justik used contracts to attempt to persuade individuals and companies to invest with him. Despite his promises to repay them with interest, those victimized creditors allege that Justik never did so. One of Justik's accomplices even noted that Justik and another accomplice intended to keep and transfer abroad money they had obtained from clients. The available evidence shows that One Pro was not primarily a failed business venture. More accurately, it shows that One Pro was a business venture that made a deliberate attempt to obtain money fraudulently. *Cf.* United States v. Peterka, 307 F. Supp. 2d 1344, 1350-51 (M.D. Fla. 2003) (fraud in the Czech Republic requires "enrichment" following "misleading"). The Magistrate Judge properly found that probable cause supports Justik's extradition.

6

Accordingly, this Court orders that Justik's Petition for Writ of Habeas Corpus is **DENIED**. The Clerk is directed to enter judgment against Justik and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of July 2006.

ELIZABETH A. KOVACHEVICH
United States District Judge

cc: All Parties and Counsel of Record